IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NANCY BULLARD; JOHN TODD; and ANNETTE KALINOWSKI, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CASE NO. 3:06-01162 ) JUDGE ECHOLS/KNOWLES ) |
| FORT CAMPBELL FEDERAL CREDIT UNION, | ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon two filings by Plaintiffs that contain three Motions. Docket Nos. 20, 23. In the first filing, Plaintiff Nancy Bullard seeks an Order extending the deadline for Motions to Amend the Pleadings, and she also seeks to amend her Complaint to add a claim that she has suffered grievous mental and physical pain and anxiety and has incurred medical expenses as a result of Defendant's wrongful acts. Docket No. 20. In the second Motion to Amend, all three Plaintiffs seek to amend the Complaint to increase the demand, by each Plaintiff, from $300,000 to $1 million. Docket No. 22.

Defendant opposes all the requested relief. Docket Nos. 25, 26, 27. Defendant argues that the Motions to Amend are untimely and that it will suffer prejudice if Plaintiffs are allowed to amend.

The Initial Case Management Order, which was entered February 23, 2007, provides in part, "Any Motion to Amend the Pleadings shall be filed by April 13, 2007." Docket No. 11, p. 7. Fed. R. Civ. P. 16(b) provides in relevant part, "A schedule [in a Scheduling Order] shall not be modified except upon a showing of good cause . . . ."

The Sixth Circuit has given specific guidance to district courts for the situation presented in the case at bar, namely, where a plaintiff seeks leave to amend a complaint after the deadline for filing such amendments has passed. *See Leary v. Daeschner,* 349 F.3d 888 (6th Cir. 2003). The *Leary* Court stated in part:

> [T]he 1983 amendments to the Federal Rules of Civil Procedure altered Rule 16 to contain a provision restricting the timing of amendments. Fed. R. Civ. P. 16, 1983 Advisory Committee Notes. Rule 16 states, in relevant part: "The district judge . . . shall, after receiving the report from the parties under Rule 26(f) . . . enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings . . . . Fed. R. Civ. P. 16(b) (emphasis added). The Rule is designed to ensure that "at some point both the parties and the pleadings will be fixed." Fed. R. Civ. P. 16, 1983 Advisory Committee's Notes. The Rule permits modification to the scheduling order "upon a showing of good cause and by leave of the district judge. " . . . But a court choosing to modify the schedule upon a showing of good cause, may do so only "if it cannot reasonably be met despite the diligence of the party seeking the extension." . . . Another important consideration for a district court deciding whether Rule 16's "good cause" standard is met is whether the opposing party will suffer prejudice by virtue of the amendment.

349 F.3d at 905-06 (citations omitted).

Plaintiffs have not shown any cause whatsoever, much less good cause, for modifying the Initial Case Management Order. Plaintiff Bullard offers no explanation for why she waited until July 19, 2007, more than three (3) months after the deadline for filing Motions to Amend the Pleadings, to file the instant Motion. Additionally, Plaintiffs offer no explanation whatsoever for

2

why they waited until July 28, 2007, to file their Motion to Amend seeking an increase in the demand of each of the Plaintiffs. Instead, Plaintiffs focus solely on Fed. R. Civ. P. 15(a) and its provision for the liberal amendment of pleadings.

Moreover, Plaintiffs have not shown that they were diligent in attempting to meet the original deadline of April 13, 2007, for filing Motions to Amend the Pleadings. It appears that neither proposed amendment is based upon any new information obtained by Plaintiffs since the original Complaint was filed on August 16, 2006, or April 13, 2007, the deadline for filing Motions to Amend the Pleadings.

Under *Leary*, the Court must also consider whether Defendant will suffer prejudice by virtue of the amendment. Obviously, allowing Plaintiffs to amend their Complaint, in either respect, essentially two (2) weeks prior to the close of discovery, would greatly prejudice Defendant's ability to fully discover the facts underlying these amendments.

Finally, Fed. R. Civ. P. 6(b) provides in pertinent part:

> **(b) Enlargement.** When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) *upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .*

(Emphasis added.)

Plaintiffs have not shown excusable neglect for their failure to seek an extension of the deadline for filing Motions to Amend the Pleadings prior to the expiration of that deadline on April 13, 2007.

3

For the foregoing reasons, the undersigned recommends that the Motion of Plaintiff Nancy Bullard to extend the deadline for filing Motions to Amend the Pleadings (Docket No. 20) and the Motion of Plaintiff Nancy Bullard to add language charging that she has suffered and continues to suffer physical and mental pain and anguish as a result of Defendant's wrongful acts or omissions (Docket No. 20) be DENIED. The undersigned further recommends that Plaintiffs' "Second Motion to Amend Complaint," which seeks to increase the ad damnum for each Plaintiff from $300,000 to $1 million be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

　　　　　　　　　　　　　　　　　　E. Clifton Knowles
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

4