UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **NANCY BULLARD, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:06-1162 |
| | ) JUDGE ECHOLS |
| **FORT CAMPBELL FEDERAL** | ) |
| **CREDIT UNION,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court are the Report and Recommendation entered by the United States Magistrate Judge on August 20, 2007, (Docket Entry No. 30), Plaintiff Nancy Bullard's Memorandum In Support Of Her Appeal [Of] The Magistrate's Report And Recommendation (Docket Entry No. 31), and Defendant's Response to Plaintiff's Objection To Report And Recommendation (Docket Entry No. 32).

Plaintiff sought an Order extending the deadline for motions to amend the pleadings and permitting her to amend her Complaint in two ways: (1) to add a claim that she suffered grievous mental and physical pain and anxiety, resulting in medical bills, as a result of Defendant's allegedly wrongful acts, and (2) to increase the damages demand from $300,000 to $1 million. The Magistrate Judge recommends that Plaintiff's motions should be denied.

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of

1

the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). The Court has conducted the required *de novo* review.

The Initial Case Management Order was entered February 23, 2007, and provided that any motion to amend the pleadings must be filed by April 13, 2007. Plaintiff did not file her motions to amend the Complaint to add a claim for physical and emotional injury and to increase the damages demand until July 19, 2007 and July 28, 2007. The Magistrate Judge correctly points out that Plaintiff did not offer any explanation about why she waited months after the pleading amendment deadline to file these motions. The motions indicate Plaintiff was aware of her damages and the continuing nature of her damages prior to the pleading amendment deadline; yet, Plaintiff did not take action to seek timely amendment of her Complaint. Due to Plaintiff's lack of diligence, untimeliness, and insufficient showing of good cause or excusable neglect, the Magistrate Judge's recommendation to deny the motions to amend is approved.

Plaintiff's objection is that the motions to amend were made before her deposition was taken by Defendant on September 6, 2007,

2

and Defendant had sufficient opportunity to question Plaintiff about the amendments at the deposition. Plaintiff's position does not address the prejudice Defendant would nonetheless suffer if the late amendments were allowed. Discovery closed on September 7, 2007, one day after Plaintiff's scheduled deposition. Facing a tardy and increased damages claim for physical and emotional injury, Defendants would not have had sufficient time before the discovery deadline to conduct additional discovery to investigate Plaintiff's new allegations.

Accordingly, for all of the reasons stated,

(1) The Report and Recommendation (Docket Entry No. 30) is hereby ACCEPTED.

(2) Plaintiff's objection to the Report and Recommendation, stated in her Memorandum In Support Of Her Appeal [Of] The Magistrate's Report and Recommendation (Docket Entry No. 31) is hereby OVERRULED.

(3) Plaintiff's Motion (Docket Entry No. 20) to amend the Complaint is hereby DENIED.

(4) Plaintiff's Second Motion To Amend Complaint (Docket Entry No. 23-1) is hereby DENIED.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE